UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL BINION,

        Petitioner,

v.

PATRICK WARREN,

        Respondent.
_____/

Case Number 19-10527
Honorable David M. Lawson

## ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE COURT OF APPEALS UNDER 28 U.S.C. § 2244

On February 21, 2019, petitioner Randall Binion filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254. In his petition, Binion challenges his 1988 state court convictions for first-degree felony murder, assault with intent to murder, and possession of a firearm in the commission of a felony. However, the petitioner previously filed a petition under 28 U.S.C. § 2254 that challenged those same convictions. That petition was denied on the merits by the ruling of the district court in *Binion v. Trippett*, No. 97-40505 (E.D. Mich. Sept. 30, 1999), *appeal dismissed*, No. 99-2460 (6th Cir. Mar. 21, 2000). Because this petition is a second attempt to obtain habeas relief, the Court must transfer the petition to the court of appeals so that he may seek permission to file a second or successive petition.

An individual seeking to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals the function of screening such second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district

court must transfer the matter to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

The petitioner has not acquired permission from the court of appeals to file a successive petition. And he cannot evade the requirements of section 2244(b)(3)(A) by filing his habeas petition under 28 U.S.C. § 2241 (the statute providing a general grant of habeas jurisdiction) as well as under 28 U.S.C. § 2254 (the statute limited to individuals in custody under a state-court judgment). The second-or-successive provisions of "section 2244(b) appl[y] to any habeas corpus petition seeking relief from custody pursuant to a state court judgment." *Rittenberry v. Morgan*, 468 F.3d 331, 336 (6th Cir. 2006). Thus, before filing a successive habeas petition, the petitioner must seek preauthorization from the court of appeals under section 2244(b). *Id.* at 338.

Accordingly, it is **ORDERED** that the Clerk of Court shall transfer the petition for a writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:   February 28, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 28, 2019.

s/Susan K. Pinkowski<br>SUSAN K. PINKOWSKI